IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| SHERMAN EDWARD LESTER, | § | |
|    Movant, | § | |
| | § | EP-25-CV-177-DCG |
| v. | § | EP-23-CR-1330-DCG-1 |
| | § | |
| UNITED STATES OF AMERICA, | § | |
|    Respondent. | § | |

## ORDER FOR SERVICE

Movant Sherman Edward Lester, federal prisoner number 27613-510, challenges his sentence through a *pro se* motion under 28 U.S.C. § 2255. Mot. to Vacate, ECF No. 80.[1] His motion raises issues which require an answer from Respondent United States of America (the Government).

## BACKGROUND AND PROCEDURAL HISTORY

Movant is a 47-year-old prisoner serving a 180-month sentence for bank robbery and possession of a firearm by a prohibited person. J. Crim. Case, ECF No. 71. He is currently confined to the Federal Correctional Institution in Victorville, California. *See* Federal Bureau of Prisons, Find an Inmate, www.bop.gov/inmateloc (search for Reg. No. 27613-510, last visited May 20, 2025). His anticipated release date is April 23, 2035. *Id.*

On September 2, 2022, a masked man entered a credit union in El Paso, Texas. Plea Agreement, ECF No. 41 at 3. He walked through the main doors, placed a bicycle lock on them, and demanded money. *Id*. He went to the ATMs where two managers were removing money. *Id*. He paced back and forth while holding a handgun. *Id*. At one point, he discharged the weapon into

---

[1] "ECF No." refers to the Electronic Case Filing number for documents docketed in EP-23-CR-1330-DCG-1. Where a discrepancy exists between page numbers on filed documents and page numbers assigned by the ECF system, the Court will use the latter page numbers.

the ATMs. *Id*. He then yelled that he would start "taking bodies" until the police arrived. *Id*. He struck a customer on his head and shoulders with the back of his handgun. *Id*. He also fired a round at the feet of the customer. *Id*. He took $10,850 from the ATMs and fled on foot. *Id*. He left behind multiple spent 9mm shell casings, a leaf blower, a reflective vest, and a hat. *Id*.

DNA lab tests connected the Movant to the items that he left behind. *Id*. Lab tests also revealed the cartridge cases found at the scene were fired from a Glock, model 17, 9mm caliber pistol, serial number WGP419, which was found in Movant's possession. *Id*.

Movant was indicted for bank robbery assault (Count One), bank robbery (Count Two), and possession of a firearm and ammunition by a convicted felon (Count Three). Indictment, ECF No. 7.

Movant negotiated a plea agreement with the Government. Plea Agreement, ECF No. 42. Under its terms, he agreed to plead guilty to Count Two of the indictment. *Id.* at 1. Additionally, he gave up the right to a speedy trial and, "knowing that the sentence has not yet been determined by the Court, waive[d] the right to challenge the sentence imposed … even if it differ[ed] substantially for any sentencing range estimated by [his] attorney, the attorney for the Government, or the Probation Officer." *Id.* at 4, 5. He "also voluntarily and knowingly waive[d] any right to contest the conviction or sentence (or the manner in which the sentence was determined) in any post-conviction proceeding, including any proceeding under 28 U.S.C. § 2255, 28 U.S.C. § 2241, or any other provision of law." *Id.* at 5.

In exchange, Movant obtained the Government's promise to dismiss the remaining charges and not pursue any additional charges against him. *Id.* at 1. Moreover, the Government agreed "pursuant to Fed. R. Crim. P. 11(c)(l)(B) (non-binding sentencing recommendation) … to make a

2

non-binding recommendation to the Court on sentencing of a term of imprisonment of 100 months. The parties agree[d] not to advocate the imposition of any different sentence than recommended herein." Addendum, ECF No. 42.

At his re-arraignment before the United States Magistrate Judge, Movant said he understood the Court would ultimately decide and he did not have a right to withdraw his plea if he was dissatisfied with his sentence:

> THE COURT: The next time you go to court it will be for your sentencing. Have you discussed with your lawyer how the sentencing guidelines might be applied in your case?
>
> THE DEFENDANT: Yes, ma'am.
>
> THE COURT: In determining your sentence, the district court will calculate the sentencing guideline range that applies to your case and consider that range, possible departures under the sentencing guidelines, and other factors under the law. No one, not even your lawyer, can tell you for sure what kind of sentence you'll receive because the guidelines are advisory. The district court will have or consider those guidelines along with other factors in determining your sentence. This means that you can receive a sentence anywhere from the minimum to the maximum allowed by law. And if you do receive a sentence more severe than expected or more severe than discussed with your lawyer, you will still be bound by your plea of guilty. You will have no right to withdraw that plea. Do you understand?
>
> THE DEFENDANT: Yes, ma'am.

Plea Tr., ECF No. 79 at 13:6–14:1.

The Court determined that with a total offense level of 33 and a criminal history category of IV, Movant's guideline sentencing range was 188 to 235 months' imprisonment. Statement of Reasons, ECF No. 67 at 1. The Court accordingly expressed its concern about the non-binding recommendation for a 100-month sentence:

> THE COURT: So, I'm a little hard-pressed to follow that plea agreement unless the Government is insisting I do. I'm thinking it's a little low. I mean, I will use it to inform my sentence. I can assess a sentence below the suggested guideline range,

3

> but you know, that [is] a large drop. I was hoping the government would give me some comfort in accessing a hundred months.
>
> U.S. ATTORNEY: Your Honor, other than, specifically, we weren't calculating the 4-level enhancement on the hostage taking … Mr. Lester lucked out …

Mem in Supp., ECF No. 81 at 2–3, 9. The Court rejected the recommended sentence, but still departed below the guidelines range and sentenced Movant to 150 months' imprisonment. Am. J. Crim. Case, ECF No. 71. The Court ordered Movant to serve the sentence consecutively to the 30-month sentence imposed for possession of a firearm by a prohibited person in the District of Arizona. *Id.*; *see United States v. Lester*, 4:22-cr-02509-SHR (D. Az.), J. Crim. Case, ECF No. 63.

In his § 2255 motion, Movant asserts three claims. Mot. to Vacate, ECF No. 80. First, he maintains "[t]he Government breached its plea agreement violating [his] constitutionally protected right to due process of law under the Fifth and Fourteenth Amendments." *Id*. at 5. Second, he contends the Court erred when it failed to advise him of his right to withdraw his plea when it decided not to impose the sentence recommended in the plea agreement. *Id*. at 6. Finally, he contends the Court erred when it denied his motion to dismiss the complaint/indictment for Speedy Trial Act violations. *Id*. at 7. He asks the Court to set aside his judgment and re-sentence him to the recommended sentence in the plea agreement, permit him to file an out-of-time appeal, or dismiss the indictment. *Id*.

### STANDARD OF REVIEW

Rule 4 of the Rules Governing Section 2255 Proceedings requires a district court to engage in a *sua sponte* review of all § 2255 motions before proceeding. 28 U.S.C. foll. § 2255. "If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the petition." *Id*. "If the motion is not

dismissed, the judge must order the United States Attorney to file an answer." *Id.*

## CONCLUSION AND ORDERS

After a preliminary examination of Movant's § 2255 motion, the Court concludes that summary dismissal is not appropriate. Accordingly, the Court enters the following **ORDERS** and **ADVISORIES**:

A.  The District Clerk is **ORDERED** to serve copies of Movant's § 2255 motion and this order upon the Government through the United States Attorney for the Western District of Texas.

B.  The Government is **ORDERED** to answer in accordance with Rule 5 of the Rules Governing Section 2255 Proceedings within **SIXTY (60) DAYS** after receiving this order. It is advised that confidential documents, if provided to the Court in support of its answer or other responsive pleading, should be submitted under seal.

C.  Movant shall have **SEVEN (7) DAYS** "after the filing of the response to the motion" to file a reply if he so desires. W.D. Tex. Civ. R. 7(e)(2). He is advised that service by mail "is complete upon mailing." Fed. R. Civ. P. 5(b)(2)(C). But an additional three days are added when service is made by mail. Fed. R. Civ. P. 6(d). He is also advised that any such reply shall be limited to **TEN (10) PAGES, DOUBLE-SPACED** "exclusive of the caption, the signature block, any certificate, and any accompanying documents" without prior permission of the Court. W.D. Tex. Civ. R. 7(e)(3). He is further advised that the Court "need not wait for a reply before ruling on a motion." W.D. Tex. Civ. R. 7(e)(3).

D.  **THE GOVERNMENT** shall note and comply with the following:

  1.  Liberal Construction of *Pro Se* Pleadings

The Government is advised that the Court will read properly filed *pro se* pleadings liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). It should therefore also read the pleadings liberally and answer accordingly.

    2.    <u>Motions to Vacate Pursuant to 28 U.S.C. § 2255 in Which the Movant Raises One or More Ineffective Assistance of Counsel Claims</u>

The Government shall include with its answer or other responsive pleading an affidavit from the attorney or attorneys alleged to have rendered ineffective assistance during Movant's representation. That affidavit shall address the specific allegations made by Movant in the § 2255 motion. In the event the Government is for good cause unable to obtain an affidavit from Movant's counsel, the Government shall so state and explain in its answer.

    E.    **MOVANT** shall note and comply with the following:

    4.    <u>Duty to Comply with the Federal Rules of Civil Procedure, Rules Governing Section 2255 Cases, and the Local Rules of This District</u>

Movant is advised that *pro se* parties must comply with relevant rules of procedural and substantive law. *Hulsey v. State*, 929 F.2d 168, 171 (5th Cir. 1991). He should accordingly become familiar with the Federal Rules of Civil Procedure, the Rules Governing Section 2255 Cases, and the Local Rules of the Western District of Texas to avoid delay in the filing or disposition of his pleadings. "If a document that fails to conform with these rules is submitted, the clerk shall file the document and promptly inform the filing party that the document is not in compliance with these rules." W.D. Tex. Civ. R. 5(c).

    2.    <u>Form of Pleading</u>

"A pleading, motion, or other submission shall be typed or printed in 12-point or larger font (including footnotes), double-spaced, on paper sized 8½" x 11" with one-inch margins

on all sides and shall be endorsed with the style of the case and the descriptive name of the document. Headings, footnotes, and quotations more than two lines long may be single-spaced." W.D. Tex. Civ. R. 10(a).

       3.      <u>Duty to Inform Court of Change of Address</u>

Movant must *immediately* notify the District Clerk and the Government's counsel in writing of any change in his address. He shall caption any such change of address advisory as "Notice to the Court of Change of Address" and must not include any motion or other matter in such notice. His notice shall contain only information pertaining to the address change and the effective date of such change of address. His failure to immediately notify the District Clerk and the Government's counsel of any change in his mailing address may be interpreted by the Court as a failure to prosecute and may result in the Court dismissing his § 2255 Motion without further notice to him. W.D. Tex. Civ. R. 10(d).

       4.      <u>Duty to Place Federal Register Number, Name of Institution, and Mailing Address on the Face of Every Document the Movant Submits to the District Clerk for Filing</u>

Movant's federal register number (prisoner number) is necessary to identify him and to facilitate service of Court papers upon him by the District Clerk and the Government. His prisoner number, name of his institution, and mailing address should therefore appear on the face of all documents he submits to the District Clerk for filing. He is warned that documents submitted for filing with the District Clerk that do not bear this information on their face may be struck from the record and returned to Movant with notice of the deficiencies.

       5.      <u>Duty to Serve Opposing Counsel</u>

"A person not represented by an attorney … may file electronically only if allowed

7

by court order." Fed. R. Civ. P. 5(d)(3)(B). "A paper not filed electronically is filed by delivering it … to the clerk." Fed. R. Civ. P. 5(d)(2). "No certificate of service is required when a paper is served by filing it with the court's electronic-filing system. When a paper that is required to be served is served by [hand delivery, certified mail, or regular mail,] a certificate of service must be filed with it or within a reasonable time after service." Fed. R. Civ. P. 5(d)(1)(B).

**So ORDERED and SIGNED** this **21st** day of May 2025.

_____
**DAVID C. GUADERRAMA**
**SENIOR UNITED STATES DISTRICT JUDGE**